JOHN FITZGERALD, PLAINTIFF IN ERROR, V. SAMUEL W. HOLLINGSWORTH, DEFENDANT IN ERROR.

Garnishment.  The rights of an attachment creditor against a garnishee are not superior to those of the attachment debtor. Rule applied.

ERROR to the district court for Lancaster county.   The case was one wherein Hollingsworth caused a garnishee process to be served upon the plaintiff Fitzgerald, on the 15th of September, 1880, in a suit wherein Ezra Lines was defendant and Hollingsworth plaintiff, claiming that Fitzgerald was indebted to Lines on a contract for grading. Judgment below before POUND, J., in favor of Hollingsworth.

Marquett, Deweese & Hall, for plaintiff in error, cited : Taylor v. B. & M. R. R., 5 Iowa, 114.   Dwight v. Banks, 10 Met., 58.   Grant v. Shaw, 16 Mass., 341.   Squair v. Shea, 26 Ohio State, 645.

A. W. Field, for defendant in error.

When a party would seek to avoid responsibility and disobey an order of court by pleading a contract, he should not object to a strict enforcement of that contract. By the contract in question he reserves the right to pay the laborers, and further contracts to charge such payment to himself, Fitzgerald, "The party of the second part." Having sought protection under this clause of his contract he cannot complain when courts require him to carry out all of the provisions of that particular clause. While the plaintiff in error has neither in his pleadings nor his brief claimed that there was an error or mistake in this contract, yet, as he assumed that position in the trial below, we would submit that as he did not plead a mistake, and ask for a reformation, nor offer any testimony to show that the contract in testimony was not the contract intended to have been made by the parties, it is too late to raise the question now. 2 Parsons Contracts, 493.

LAKE, CH. J.

It is very clear that the rights of an attachment creditor against a garnishee are not at all superior to those of the debtor himself. If the latter had a right of action against the person garnished, the former may have one also under sec. 225 of the code of civil procedure, but not otherwise. Garnishment changes the liability of the garnishee in but one particular, viz., the person to whom he must make payment of whatever is due; respecting all things else his obligations remain unchanged.

The money sought by this garnishment was earned by the attachment debtor, under a contract with the garnishee, for grading section eighteen of the Lincoln and Northwestern railroad. In his answer to the petition against him, the garnishee answered respecting the matter, that, by the terms of this contract, he had the right to pay out of this money whatever might be due to the employees of

Lines, the attachment debtor, on the work, and had done so. That in consequence of such payment nothing remained in his hands subject to the garnishment.

The evidence on this point fully sustains the answer in this particular, and establishes the fact, beyond any doubt whatever, that Lines himself could not have recovered from Fitzgerald the money which Hollingsworth sought to reach by the attachment proceeding. By taking the aggregate amount which Fitzgerald paid to these employes, together with the ninety-two dollars and fifty cents admitted to have been properly paid on the Ferguson judgment, the balance standing to Lines' credit, under the contract, when the garnishment was served, is fully exhausted. Fitzgerald having thus paid these laborers, as by the express terms of the contract he could do, he has the right, as a matter of course, to deduct the amount from the price Lines was to receive. The judgment is reversed, and a new trial awarded.

REVERSED AND REMANDED.