GENERAL SUPPLY COMPANY *v.* HUNN *et al.*

126  615
f128  179

1. A materialman furnishing material for the improvement of real estate to a subcontractor who has no contractual relation with the owners of such realty does not thereby acquire a lien upon the property so improved. The case of *Heard* v. *Holmes,* 113 *Ga.* 159, in so far as it conflicts in principle with this decision, is hereby overruled.
2. Consequently, where the petition to foreclose a materialman's lien upon certain real estate owned by the defendants alleged that the plaintiff had furnished material for improvements thereon to a subcontractor of the person employed by the defendants to make the improvements, the court did not err in sustaining a demurrer to the petition, on the ground that it set forth no cause of action.

Argued May 31,—Decided November 9, 1906.

Foreclosure of lien. Before Judge Pendleton. Fulton superior court. December 16, 1905.

The General Supply Company brought an action against F. E. Hunn, Herman Seydel, and J. G. Smith, to foreclose a materialman's lien which it claimed against real estate of Hunn and Seydel, by reason of its having furnished plumbing material to Smith, which was used in improving the property. The second paragraph of the amended petition alleges, "that J. G. Smith was the subcontractor employed to do the aforesaid plumbing, and that

. said material was furnished to him as such;" that "the original contractor employed by said F. E. Hunn and Herman Seydel was B. A. Harris, doing business as the Co-operative Building and Construction Company, and that the said B. A. Harris, doing business as aforesaid, employed the said J. G. Smith as a subcontractor to do the aforesaid plumbing, and that as such subcontractor the said material was furnished to said J. G. Smith." Hunn and Seydel demurred to the petition, on the ground, among others, that no cause of action was set forth as against them. The demurrer was sustained as to them, and the plaintiff excepted.

*W. O. Wilson,* for plaintiff.

*A. A. & E. L. Meyer* and *Rosser & Brandon,* for defendant.

ATKINSON, J.    The plaintiff, under the Civil Code, § 2801, par. 2, as amended by the act of 1897 (Acts 1897, p. 30) and the act of 1899 (Acts 1899, p. 33), seeks to foreclose a lien for the value of certain material furnished by it which went toward the improvement of the property of the defendants. This court has construed this law as operating to give a lien only to materialmen who have furnished material for the improvement of real estate "to one who occupied the legal relation of a contractor, or to one who had some contractual relation with the true owner in connection with the improvements to be made." See *Pittsburg Glass Co. v. Peters Co.,* 123 *Ga.* 726; *Prince* v. *Neal-Millard Co.,* 124 *Ga.* 884.. In the present case the petition alleges that the material was furnished to one Smith, a subcontractor employed by one Harris, who was himself the "original contractor" engaged by the defendants to do the work. It is not pretended that Smith occupied the legal relation of contractor to the defendants, or that he was under any contractual relation whatsoever with them. On the contrary, it is evident from the petition that Smith's contract was with Harris, the principal contractor, only, and that the defendants were not parties to that contract nor bound in the slightest degree by it. The petition was therefore demurrable.

Leave was granted to review the case of *Heard* v. *Holmes,* 113 *Ga.* 159, and, upon consideration, it is overruled in so far as it conflicts with the decision here made.

*Judgment affirmed.    All the Justices concur.*