LOGUE *v.* WALKER *et al.*

ATKINSON, J.   1. Where the owner of real estate engages a contractor to construct a building thereon, and, under employment of the latter, a mechanic performs labor in constructing the building, there is sufficient privity between the mechanic and the owner to support a lien on the property.   See *Central of Georgia Ry. Co.* v. *Shiver,* 125 *Ga.* 218 (53 S. E. 610) ; *General Supply Co.* v. *Hunn,* 126 *Ga.* 615 (55 S. E. 957).

2. Where a mechanic performs labor under the circumstances enumerated in the preceding note, and causes a lien to be duly filed and recorded, the claim of lien may be assigned in writing.   Acts 1873, p. 42; Civil Code, § 3372; Alexander's Lien Laws of the Southeastern States, 261, § 44; *Lathrop* v. *Clewis,* 63 *Ga.* 288.

3. Where a petition filed in the superior court, to foreclose a lien of the character mentioned above, alleges that the owner of the land, in making a contract for the construction of the building, acted through a designated person as agent, and a copy of the contract attached to the petition as an exhibit does not mention the name of the true owner but refers to the alleged agent as the owner of the premises, the petition is not subject to general demurrer on the ground that it is not alleged that the person designated as true owner made the contract.

4. A petition of the character mentioned above, declaring upon liens based on the individual labor of the plaintiff and liens of other mechanics duly assigned to him, is not subject to demurrer on the ground that the petition fails to allege that the plaintiff is the holder of any valid lien against the property for labor performed by such other persons.

5. The petition was subject to special demurrer on the ground that it did not allege when the labor was performed and when the claims of lien were filed.

6. The petition alleged that, in a justice's court in a named district and county, at a certain date, the plaintiff had recovered a judgment against the contractor for the aggregate amount of the several claims of lien. It was unnecessary to attach a copy of such judgment. Nor was the petition subject to demurrer on the ground that it failed to set out any judgment against the contractor, and did not show that any valid judgment had been rendered against him by a court of competent jurisdiction.
7. The suit was against the alleged true owner of the land and the alleged agent. There was no allegation of indebtedness by either defendant to the plaintiff to authorize a general personal judgment against them, but there were allegations upon which liens would exist against the property of the true owner on which the building was erected. Relatively to the alleged agent the petition was subject to general demurrer, and he should have been stricken from the suit; but relatively to the true owner it should have been retained merely for the purpose of proceeding to foreclose the lien.

*Judgment affirmed in part and reversed in part, with direction. All the Justices concur.*

APRIL 27, 1914.

Lien foreclosure. Before Judge James B. Park. Hancock superior court. March 24, 1913.

*R. H. Lewis* and *L. C. Culver,* for plaintiff.
*Burwell & Fleming,* for defendants.