[No. 18383.   Department One.   April 24, 1924.]

NETTIE MOE, *Respondent,* v. GORDON CONN, *Defendant,*
MUTUAL UNION INSURANCE COMPANY, *Appellant.*[1]

INSURANCE (122)—INDEMNITY INSURANCE—LIABILITY OF SURETY—
CREATION OF INDEBTEDNESS—GARNISHMENT—CONSTRUCTION OF CON-
TRACT. A surety company giving a jitney bond to the state of Wash-
ington under Rem. Comp. Stat., § 6383, conditioned to pay all dam-
ages which may be sustained through the carelessness of the princi-
pal, is not indebted to the principal, upon a passenger's recovering
judgment against the principal for personal injury sustained, in
view of the condition of the bond, and Id., § 6384, giving any person
injured a right of action against the principal and surety on the
bond; and such surety, not having been made a party to the action
for damages, is not subject to garnishment on entry of judgment
against the principal.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered November 17, 1923, in
favor of the plaintiff, in garnishment proceedings,
tried to the court.   Reversed.

*Poe, Falknor, Falknor & Emory,* for appellant.

*Charles M. Fouts* and *De Witt M. Evans,* for re-
spondent.

MAIN, C. J.—On January 13, 1921, the plaintiff in the
principal action, while a passenger in a jitney being
operated in the city of Tacoma by the defendant Conn,
was injured.   She thereafter brought an action and
recovered damages against Conn in the sum of $500
and costs.   Prior to the accident, and on December 17,
1920, Conn had received a permit from the secretary
of state to engage in the jitney business, and in pur-
suance of ch. 57, p. 227, of the laws of 1915 (Rem.
Comp. Stat., § 6382), Conn as principal and the Mutual
Union Insurance Company as surety, executed a bond

[1]Reported in 225 Pac. 69.

running to the state of Washington in the sum of $2,500. After the judgment had been obtained against Conn, a writ of garnishment was issued directed to the Mutual Union Insurance Company as garnishee defendant, to which that company answered that it was not indebted to Conn. This answer was controverted by Nettie Moe, the plaintiff in the principal action. The Mutual Union Insurance Company was not a party to the original action and was not vouched in by notice to defend. Its first connection with the lawsuit was when the writ of garnishment was served upon it. As above stated, the Mutual Union Insurance Company, claiming that it was not indebted to Conn, resisted the garnishment and appealed from the judgment against it.

The question which is decisive upon this appeal is whether, at the time the writ of garnishment was issued and served, the Mutual Union Insurance Company was indebted to Conn. If it was so indebted it was by reason of the statute above mentioned and the bond given in pursuance thereof. If it was not so indebted to Conn, we do not understand it to be claimed that there was any legal basis for the garnishment.

It will be necessary, then, to look into the statute, and also the bond, to determine whether the Mutual Union Insurance Company became indebted to Conn by reason of the fact that a judgment had been obtained against him. Section 2, p. 228, of the act of 1915, *supra* (Rem. Comp. Stat., §6383), among other things, provides that every person desiring to engage in the business of carrying passengers for hire in any motor propelled vehicle over any public street, road or highway in any city of the first class

". . . shall apply to the secretary of state for a permit so to do, and such applicant for each motor

vehicle intended to be so operated shall deposit and keep on file with the secretary of state a bond running to the state of Washington in the penal sum of twenty-five hundred dollars, with good and sufficient surety company licensed to do business in this state as surety to be approved by the secretary of state, conditioned for the faithful compliance by the principal of said bond with the provisions of this act and to pay all damages which may be sustained by any person injured by reason of any careless, negligent or unlawful act on the part of said principal, his agents or employes in the conduct of said business . . ."

Section 3, p. 228 (Rem. Comp. Stat., § 6384), among other things, provides that every person injured by any careless, negligent or unlawful act of any person operating any motor propelled vehicle used for carrying passengers over and along any street

". . . shall have a cause of action against the principal and surety upon the bond provided for in the preceding section for all damages sustained and in any such action the full amount of damages sustained may be recovered against the principal, but the recovery against the surety shall be limited to the amount of the bond . . ."

As already stated, the bond given was in pursuance of this act and contains conditions in compliance therewith. It will be observed that, by § 2, the bond runs to the state of Washington and not to Conn, the defendant in the principal action, and is conditioned to "pay all damages which may be sustained by any person injured." In § 3 it is expressly provided that the injured person "shall have a cause of action against the principal and surety upon the bond." The bond, with the provisions of the statute read into it, means that the surety will pay all damages which may be sustained by any person injured, and that such injured person has a direct cause of action against it and may recover,

in the same action in which the principal is sued for the negligent act, to the extent of the amount of the bond. Reading this statute and the bond together, we are unable to conclude that the surety was indebted to the principal upon the bond when the judgment in the original action was entered. The purpose of the bond and the statute was to protect the person injured, and the surety undertook to pay all damages for that injury to the extent of the amount of the bond.

The controversy in the briefs revolves largely around the cases of *Fenton v. Poston,* 114 Wash. 217, 195 Pac. 31, and *Luger v. Windell,* 116 Wash. 375, 199 Pac. 760. In each of those cases a judgment had been obtained and a garnishment issued against the surety.

In the *Fenton* case, *supra,* the question was whether the bond there involved was one of indemnity or liability, and it was held to be a liability bond and the judgment was sustained. The question which is before us in the present case was not there involved or discussed. In that case the bond ran directly to the principal of the bond and the defendant in the main action, and it being a liability bond, as there held by the majority opinion, the judgment against the garnishee was sustained. Further than this, in that case the surety company was originally made a party to the action, and for some reason, which the record does not make clear, was dismissed therefrom and the action proceeded against the owner and operator of the jitney.

In the *Luger* case, the question was likewise whether the bond there involved was a liability or indemnity bond, and it was held to be the latter, since the bond expressly provided that no action should lie against the surety company for any loss unless brought by and in the name of the assured for loss actually sustained

and "paid in money by the assured in satisfaction of a judgment," following the case of *Ford v. Aetna Life Ins. Co.,* 70 Wash. 29, 126 Pac. 69, where it was held that prior to the time of the payment of the judgment, the surety did not become indebted to the principal, and hence the garnishee was discharged.

Neither the *Fenton* nor the *Luger* case is controlling here. It would seem unreasonable to hold that, since the bond ran to the state of Washington and the statute expressly gave the injured person a right of action upon that bond, which might be pursued in the same action waged for the recovery of the injury on account of negligence, the injured person could sue the jitney owner, get judgment, and then garnish the bonding company, and at no time give that company a right to defend upon the merits. This, of course, could be done, providing the bonding company became indebted to the defendant in the principal action when the judgment was obtained against him; but, as already stated, we are of the opinion that the bond in this case did not create such an indebtedness.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment discharging the garnishment.

PARKER, TOLMAN, HOLCOMB, and MACKINTOSH, JJ., concur.