21945. AMERICAN SURETY COMPANY *v.* KOEHRING COMPANY.

Decided February 17, 1932.

*Jones, Evins, Powers & Jones,* for plaintiff in error.
*Charles W. Bergman,* contra.

Luke, J. Koehring Company brought an action against American Surety Company of New York, in the superior court of Fulton county, to recover the agreed rental of a dragline crane leased to

the contractor for use in connection with the construction of a portion of a public highway, under a contract with the State Highway Board of Georgia; the contractors, Thompson & Moseley, having furnished the usual bond, with American Surety Company of New York as surety, that is required by the act of the General Assembly of 1916 (Ga. L. 1916, p. 94), and conditioned "for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract;" and the contractor having defaulted in the payment of such rental. A general demurrer to the plaintiff's petition was overruled, and exceptions were taken.

The single question for our consideration is whether or not the stipulated rental for machinery furnished and used in the prosecution of the work under the contract comes within the purview of the condition of the contractor's bond. It appears from the briefs of counsel that courts in different jurisdictions, having the identical question for adjudication, have arrived at precisely opposite conclusions; and that neither of our appellate courts has heretofore had the question presented. Perhaps the nearest approach to such a case in this State is that of *Yancey Bros. Inc.* v. *American Surety Co.,* 43 *Ga. App.* 740 (160 S. E. 100), wherein a recovery was held permissible for labor and materials used in incidental repairs to a contractor's equipment employed in the prosecution of work under such a contract. It is pointed out that several of the Federal courts, including the Supreme Court of the United States Illinois Surety Co. *v.* John Davis Co., 244 U. S. 376, 37 Sup. Ct. 614, 61 L. ed. 1206), as well as a number of State courts, have held the surety liable for rental of equipment or machinery in similar circumstances, while, as indicated, courts of other jurisdictions have adopted the contrary view. We are in accord with the recognized view that the condition of such bonds should be given a liberal interpretation. It is true that courts generally, including our own (*Yancey Bros. Inc.* v. *Am. Surety Co.,* supra), have refused to permit a recovery of the purchase-price of machinery and equipment furnished to a contractor; but we think there is a reasonable distinction to be drawn between the purchase-price of machinery, on the one hand, and the rental value thereof on the other. While the action was not brought, as suggested by counsel for the plaintiff in error, for compensation for wear and tear upon the machinery

furnished, in so many words, yet, as we view the matter, wear and tear is an essential, if not the principal element in establishing the rental value of the leased machinery. Is it, then, too fanciful to say that such rental value may be regarded, at least approximately, as the measure of the extent that such machinery itself is consumed in the use thereof in the prosecution of the work, and that such wear and tear, in a certain sense, enters into the work just as certainly as does steel or concrete or any other material or human labor? In any event, we are disposed to follow what we conceive to be the weight of authority, in holding that the rental value of the dragline crane is recoverable under the condition of the contractor's bond, in the circumstances of the case.

We perceive no error in the judgment of the trial court overruling the general demurrer.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*