23132.   AMERICAN SURETY COMPANY OF NEW YORK *v.* CORR SERVICE ERECTION COMPANY.

DECIDED AUGUST 2, 1933.

*Jones, Evins, Powers & Jones,* for plaintiff in error.

*Tye, Thomson & Tye,* contra.

GUERRY, J. The Corr Service Erection Company sued the American Surety Company of New York on a bond given by the Palmer Spivey Construction Company with the defendant as surety. The case was by agreement tried by the court without a jury, on an agreed statement of facts as follows: "Palmer Spivey Construction Company, general contractors, engaged in constructing various types of buildings, made a contract with the City of Atlanta for the erection of several school buildings in said city of Atlanta. Said construction company gave to the city of Atlanta a bond with the American Surety Company of New York, defendant in this case, as surety thereon. Said bond was a statutory bond conditioned as provided by the acts of 1916. Corr Service Erection Company Inc. is in the business of owning and leasing to various contractors equipment known as steel forms for use in holding concrete in place until it hardens, when said forms are removed and are returned to said lessor. The rental price therefor depends upon the length of time said forms are retained by the contractor and the freight thereon. Said Palmer Spivey Construction Company entered into a lease contract with Corr Service Erection Company for certain of said forms for use in the construction of said school buildings. Said forms were standard forms, designed for various types of concrete construction, were not specially made for this particular job, but were capable of and were designed and intended for use from job to job; in fact they were used on this job and returned to lessor, and have been leased for use and used on other jobs by other contractors. The contract price for rental of said steel forms was $1,682.20 in excess of the amounts that have been paid on said rental price by Palmer Spivey Construction Company, which amount is still due and owing by said construction company. If plaintiff is entitled to recover said sum, it is entitled to interest thereon from August 29, 1929." Judgment for this amount was rendered against the defendant, and it excepted.

This case is controlled by the decision of this court in the case of *American Surety Co.* v. *Koehring,* 44 *Ga. App.* 769 (162 S. E. 840). The holding in that case was as follows: "A bond of a

contractor for public works, under the act of 1916 (Ga. L. 1916, p. 94), conditioned 'for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract,' includes within its purview the stipulated rental for machinery furnished and used in the prosecution of the work." Plaintiff in error has made request, if the court deems itself bound by the above decision, that it be overruled. We have carefully examined the authorities cited by both the plaintiff and the defendant, and also additional authorities, and find a decided conflict of opinion in the various courts. However, we have been unable to find any reason why the above-cited case should be overruled. Counsel for plaintiff in error cites the case of *Yancey* v. *American Surety Co.*, 43 *Ga. App.* 740 (160 S. E. 100), as being in conflict with the above decision. The ruling in that case was in part that a surety on the bond of a contractor undertaking a public work, executed in accordance with the act approved August 8, 1916 (Ga. L. 1916, p. 94), conditioned for the faithful performance of a contract, and making "prompt payment to any person or persons doing work or furnishing skill, tools, machinery' or materials under and for the purpose of said contract," can not be held liable upon such bond for the purchase-price of machinery and equipment bought for use in carrying out the contract, and available for other work as well.

Counsel insists that "there can be no distinction in principle between rental and purchase-price of equipment; the difference is one of degree only;" citing Royal Indemnity Co. *v.* Day & Maddock Co., 150 N. E. 426, as authority for their position. With this contention, however, we can not agree. Conditions of this character in bonds should be liberally construed. When machinery is purchased, as was the case in *American Surety Co.* v. *Yancey,* supra, it becomes the permanent property of the contractor. It can be used on future jobs without any additional cost to the contractor, save, perhaps, incidental repairs. Where machinery is rented, as in the present case, this is not true. After the completion of the particular job the contractor has nothing that will be of any benefit to him in the future, he has paid merely for the privilege of using the machinery in the construction of the particular piece of work. There could be no such abuse in a case of this character as that cited by Jenkins, P. J., in delivering the opinion of the court

in the *Yancey* case, supra, in which he said: "It is insisted in the instant case, by counsel for plaintiff in error, that the term 'machinery,' as used in the act of 1916, is broad enough to cover, and does cover, machinery purchased by the contractor for use in carrying out the contract. We think the term 'machinery,' as used in the act, does not mean machinery forming a part of the contractor's equipment to be used on any and all jobs which he might thereafter undertake. If the contention of the plaintiff in error in this respect is correct, it might well happen that the surety on a contractor's bond would be held liable for the purchase-price of machinery as permanent equipment in the conduct of the contractor's general business, costing as much or even far more than the contract price for the particular construction." In Minnesota, where the statute is almost identical with ours, it has been held that the surety on a bond of a contractor undertaking a public work is liable for the rental of property used in constructing the particular piece of work. Dawson *v.* Northwestern Construction Co., 137 Minn. 352 (163 N. W. 772) ; Miller *v.* American Bonding Co., 133 Minn. 336 (158 S. E. 432). This view is also taken in many other States. We therefore think that the decision in *American Surety Co.* v. *Koehring,* supra, is founded on reason and authority and is controlling in the present case. The court below did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*