27028. WHITLEY *et al.* v. BRYANT.

DECIDED NOVEMBER 30, 1938.

*J. C. Murphy, Wyatt & Morgan,* for plaintiffs in error.
*S. P. Cain, J. Lon Duckworth,* contra.

MACINTYRE, J. This was a suit by I. Bryant against J. E. Whitley, trading as Whitley Construction Company, and Western Casualty and Surety Company, principal and surety respectively, on a contractor's bond given under the provisions of the act of 1916 (Ga. L. 1916, p. 94 et seq.; Code, § 23-1705 et seq.), for the recovery of $10,302.39 alleged to be due under a contract between I. Bryant, subcontractor, and J. E. Whitley, trading as Whitley Construction Company, for labor and materials furnished. The bond, expressly given in accordance with the act of 1916, provided among other things that the principal and surety bound themselves "unto the State Highway Board of Georgia . . for the use of the obligee named herein and all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of contract" between the principal (J. E. Whitley, trading as Whitley Construction Company), and the State Highway Board of Georgia for the construction and paving of a certain highway. The contract between I. Bryant and J. E. Whitley, trading as Whitley Construction

Company, provided, substantially, that Bryant agreed to take over and do all of the work in connection with the paving of the highway, except the laying of the pavement and subgrade, according to the plans and specifications contained in the contract between the construction company and the State Highway Board of Georgia; further, to pay his pro rata share of the premiums on the construction bond required of the construction company, and to relieve the construction company of all liabilities in connection with doing this work. The trial judge overruled the defendant's demurrer to the plaintiff's petition, and the defendant assigns error on the ground that the judgment is contrary to law and without authority of law. The question presented by this appeal is whether or not the defendant in error comes within the class of persons protected by the bond given under the terms of the act of 1916 (Ga. L. 1916, p. 94 et seq.; Code, § 23-1705 et seq.).

The statutory bond in suit imposes upon the principal and surety a dual obligation: (1) to the State, for the completion of the principal contract, (2) to all persons doing work or furnishing skill, tools, etc., to see that they are paid. These obligations are entirely separate and distinct. The complaint here is by a subcontractor who has done work and furnished materials etc. Inasmuch as neither the contractor nor his subcontractor can secure himself by a mechanic's lien upon the proposed or completed building, highway, etc., the State, for the protection of itself and the latter, requires a bond for the use of the obligee in the bond and all persons doing work, furnishing materials, etc., in pursuance of the contract, for the payment of such persons' claims. It is true that no right of action on the bond inures to the benefit of the contractor, for he is the obligor in the bond. But it does not follow from this concession that one who furnishes labor, materials, etc., and pays a pro rata share of the premiums on the bond pursuant to a contract between him and the contractor, is precluded from the benefits of the bond; for he is not one of the obligors thereof, nor has he any contractual relations with the State, nor any lien for his labor, materials, etc., nor any claim upon the State for their payment. Can such benefit be denied him, without amending the statute, by construing it so as to except subcontractors from its positive and unambiguous provisions that the bond shall be for the use of the obligee and all persons doing work or

furnishing tools, etc., in the execution of the contract? The purpose of the statute is to protect those who furnish work, materials, etc., in the execution of contracts for public works to which the mechanic's-lien law does not apply. Clearly, a subcontractor is within the spirit, letter, and purpose of the statute, for he furnishes labor, materials, etc., for the execution of the contract at the request of the contractor. We find no trouble in so construing the statute, for Code, § 23-1705 et seq. expressly provides that the bond shall be "for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract," and is so clear and specific that there is no room for any other construction. Horton *v*. Crowley Electric Co., 108 Minn. 508, 513 (122 N. W. 312) ; United States *v*. Jack, 124 Mich. 210 (82 N. W. 1049) ; Fulghum *v*. State, 92 Fla. 662 (109 So. 644).

The language in the bond looks to the protection of those who supply the labor or materials provided for in the contract, and not to the particular contract or engagement under which the labor, materials, tools, etc., were supplies. If the contractor sees fit to employ a subcontractor, who furnishes labor, materials, etc., which are used to carry out and fulfill the engagement of the contractor's original contract to construct a public highway, he is entitled to recover under the bond as one of the persons "doing work or furnishing skill, tools, machinery, or materials under or for the purpose of the contract." The fact that Bryant, instead of furnishing work and materials for one component part of the construction of the highway, furnished work and materials for many component parts, which in fact amounted to all the component parts except the actual laying of the pavement and subgrade, does not therefore take him out of the class described in the statute as "all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract." Code, § 23-1705. Nor do we think that the mere fact that Bryant, the subcontractor, pays part of the premium on the bond will prevent his right of recovery. We should bear in mind that under the act of 1916, supra, "any person" doing work or furnishing materials to the contractor in the construction of any public work "belonging to the obligee, and payment for which has not yet been made, shall have the right to intervene and be made a party to said action, and have his rights

and claims adjudicated in such action." Code, § 23-1708. Thus we think the statute in question not only protects persons doing work or furnishing materials etc. to the contractor, but also protects subcontractors and employees of subcontractors furnishing work or materials etc. for the purpose of the principal contract, and such a person, although he might not have brought the original action, may protect his rights by intervening. See in this connection, *Yancey Brothers Inc.* v. *Am. Surety Co. of N. Y.*, 43 *Ga. App.* 740 (160 S. E. 100); *Am. Surety Co.* v. *Koehring Co.*, 44 *Ga. App.* 769 (162 S. E. 840); *Am. Surety Co. of N. Y.* v. *Corr Service Erection Co.*, 47 *Ga. App.* 295 (170 S. E. 325); *Moore* v. *Standard Accident Ins. Co.*, 48 *Ga. App.* 508 (173 S. E. 481).

Under the foregoing principles, we are of the opinion that the trial judge did not err in overruling the demurrer to the plaintiff's petition.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*