## 27741. WESTERN CASUALTY AND SURETY COMPANY *v.* FULTON SUPPLY COMPANY.

DECIDED SEPTEMBER 29, 1939.

*J. C. Murphy,* for plaintiff in error. *F. L. Eyles,* contra.

FELTON, J. This suit was brought by the Fulton Supply Company against I. Bryant, a subcontractor of Whitley Construction Company, contractor, and the Western Casualty & Surety Company, surety, on a contractor's bond given under the act of 1916 (Ga. L. 1916, p. 94; Code, § 23-1705 et seq.), for certain materials furnished for the repair of machinery owned by Bryant and used by him in the performance of his contract with Whitley Construction Company. The contract between Bryant and Whitley called for performance of work in constructing a named highway, for which construction Whitley had a contract with the State Highway Board. The bond given by Whitley to the State Highway Board and signed by Western Casualty and Surety Company was for the use of the obligee and all persons furnishing materials, etc., under or for the purposes of the contract. The questions presented by the record are (1) whether one furnishing material to a subcontractor under or for the purpose of the contract, to guarantee the performance of which the bond is given, is protected by the bond; (2) whether the materials furnished in the instant case are such as were contemplated by the legislature and the parties to the bond; (3) whether it is necessary to allege and prove that the work has been completed and accepted by the obligee in the bond, and that no suit has been brought on the bond within ninety days from the completion and acceptance of the work.

1. We think that the first question should be answered in the affirmative. As was said by this court in *Whitley* v. *Bryant,* 59 *Ga. App.* 58 (200 S. E. 317), "We find no trouble in so construing the

statute, for Code § 23-1705 et seq. expressly provides that the bond shall be 'for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery or materials under or for the purpose of such contract,' and is so clear and specific that there is no room for any other construction. Horton v. Crowley Electric Co., 108 Minn. 508, 513 (122 N. W. 312); U. S. v. Jack, 124 Mich. 210 (82 N. W. 1049); Fulghum v. State, 92 Fla. 662 (109 So. 644). . . Thus we think the statute in question not only protects persons doing work or furnishing materials, etc., to the contractor, but also protects subcontractors and employees of subcontractors furnishing work or materials for the purpose of the principal contract." Nor do we think that the fact that *Whitley* v. *Bryant,* supra, is based on the theory that neither the contractor nor the subcontractor can secure himself by a mechanic's lien upon the proposed or completed highway makes any difference in the result we have reached; for the State, for the protection of itself and all parties coming within the provisions of the Code section, requires that the bond be given. In *Sinclair Refining Co.* v. *Colquitt County,* 42 *Ga. App.* 718 (2) (157 S. E. 358) this court said: "The act may nevertheless by its terms include all persons who furnish material for the purpose of the contract, irrespective of whether, but for the public character of the work, they would have liens for the cost of the materials furnished." Even if the purpose of the act were to protect those who had no lien, the act itself includes not only those who have no lien, but all persons who furnish material *under or for the purposes of the contract.*

2. In answer to the second question, we think that there may be a liability for some of the material furnished, but not for all of that sued for. The rule is laid down in *Yancey Bros. Inc.* v. *American Surety Co.,* 43 *Ga. App.* 740 (160 S. E. 100), that while there may be a recovery on a public contractor's bond for material and labor used in incidental and current repairs to the contractor's machinery, there can be none for major repairs involving the replacement of old with new parts, in the absence of proof that the new parts were consumed in the work covered by the bond. The determinative distinction is between the items going into the work, or specially contributing to the execution of the contract and nothing else, and those properly chargeable to the plant and equipment of the contractor, and available not only for the pending work

but for other work as well. The rule laid down is the same rule laid down by the Supreme Court of Minnesota in Clifton *v.* Norden, 178 Minn. 288 (226 N. W. 940), and, as stated in *Yancey Brothers Inc.* v. *American Surety Co.,* supra, "Such would seem to be the purpose and intent of the act of the General Assembly of 1916." From the evidence it is apparent that some of the materials sued for were not consumed or even used on the project covered by the bond sued on. For this reason the judgment will have to be reversed, and on another trial of the case the plaintiff should recover only for those materials in the account which come within the ruling heretofore laid down by this court and followed herein. A judgment for the full amount sued for was unauthorized by the evidence.

3. The Code, § 23-1708, provides that any person entitled to the protection of a bond such as that in this case can maintain an action on the bond subject to the provisions of that section. It further provides that upon furnishing an affidavit by such person that the work covered by the bond has been completed and accepted by the obligee, and that no suit had been brought thereon within ninety days after the completion of the contract and the acceptance by the obligee, then the person furnishing to the contractor materials etc. for the work shall, upon application therefor and furnishing to the official who has the custody of the bond an affidavit that materials etc. have been supplied by him and payment for which has not been made, be furnished with a certified copy of the bond, upon which he shall have a right of action against said contractor and the surety on the bond, or either of them. The action in the case at bar is upon a certified copy of the bond furnished by the Highway Department. We think that this is prima facie evidence that the provisions of the Code section have been complied with; and that it does not matter that the petition alleges the completion and acceptance of the work, and that this allegation was not proved on the trial of the case. The appellate division of the civil court of Fulton County erred in affirming the judgment overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*