### 28083. A. K. ADAMS & COMPANY *et al. v.* GENERAL ELECTRIC SUPPLY CORPORATION.

DECIDED FEBRUARY 29, 1940.    REHEARING DENIED MARCH 22, 1940.

*Haas, Gambrell & Gardner,* for plaintiffs in error.

*Harry S. McCowen,* contra.

*Powell, Goldstein, Frazer & Murphy,* for persons at interest.

STEPHENS, P. J.    General Electric Supply Corporation brought suit against A. K. Adams & Company, contractor, and Seaboard Surety Company as surety on the contractor's bond, seeking to recover $3553.97 principal, together with interest thereon at 7 per cent. from March 13, 1937, representing the balance due on the contract price of materials furnished by the plaintiff, a materialman, to the Eppes Electric Company of Athens, Georgia, which materials were installed by the Eppes Electric Company as subcontractor of A. K. Adams & Company under its contract to erect the Dairy Products Building at the University of Georgia, entered into with the Regents of the University System of Georgia.    The petition alleged that the completed contract had been accepted by

the proper authorities on or about September 27, 1928, that the suit now under consideration was brought within the time provided by law, after demand for payment had been made by the plaintiff and refused by the defendants. Attached to the petition were copies of the surety bond, and invoices setting out in detail the supplies furnished. The defendants demurred generally to the petition, which demurrer was overruled and the defendants excepted. Counsel for both parties agree that the sole question presented for this court's determination is whether a materialman furnishing materials to a subcontractor can recover on the general contractor's bond under the Code, §§ 23-1705 to 23-1709, which have reference to contracts with public bodies for the performance of public work.

This question has been decided adversely to the contention of the defendants in *Whitley* v. *Bryant*, 59 *Ga. App.* 58 (200 S. E. 317). It was there held that the statute in question (Code, §§ 23-1705 et seq., codified from Ga. L. 1916, pp. 94, 95) "expressly provides that the bond shall be 'for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract,'" and that "the statute in question not only protects persons doing work or furnishing materials etc., to the contractor, but also protects subcontractors and employees of subcontractors furnishing work or materials etc., for the purpose of the principal contract." While in that case the suit was by a subcontractor, and not by one who furnished labor and materials to such subcontractor for the purpose of the contract, nevertheless the principle of law there laid down applies to a situation under which labor or materials are furnished to a subcontractor for the purpose of the contract. In *Western Casualty & Surety Co.* v. *Fulton Supply Co.*, 60 *Ga. App.* 710 (4 S. E. 2d, 690), the question to be determined was, as stated by the court, "Whether one furnishing material to a subcontractor under or for the purpose of the contract, to guarantee the performance of which the bond is given, is protected by the bond." This court held that one furnishing material to a subcontractor under or for the purpose of the contract was protected by the bond of the contractor made pursuant to the provisions of Code, §§ 23-1705 et seq., and could recover in his own name in a suit on the bond against the surety, citing and following *Whitley*

v. *Bryant,* supra. Code, § 23-1708, provides that "Any person entitled to the protection of such bond may maintain an action thereon for the amount due him, subject to the provisions hereinafter stated."

Under Code, § 23-1705, the bond required of the contractor shall be "for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract . . saving the obligee free from all costs and charges that may accrue on account of the doing of the work specified for the payments as they become due of all just claims for work, tools, machinery, skill and materials furnished by persons, under, or for the purpose of, such contract, and for a compliance with the laws appertaining thereto." Under a proper construction of this section any person furnishing labor and materials to a subcontractor of the contractor where the labor and materials furnished are for the purpose of the contract, comes under the protection of the bond. While Code, § 23, 1708, provides that a person furnishing labor or materials to the contractor for the purpose of the contract may intervene in a suit instituted on the bond of the contractor, or by the obligee named therein, it also provides that "any other person having a cause of action on such bond shall have the right to intervene and be made a party to such action, and the court shall determine the rights of all parties thereto." Therefore, under the provisions of Code, § 23-1708, a person furnishing labor or materials etc., to a subcontractor for the purpose of the contract, who under § 23-1705 comes within the protection of the bond, may intervene in a suit by the obligee on the bond. Therefore, Code, § 23-1708, does not, as contended by counsel for the plaintiff in error in this case, exclude from the benefits of the bond persons furnishing labor or materials to a subcontractor for the purpose of the contract.

However, counsel for the defendants contends that *Whitley* v. *Bryant,* and *Western Casualty & Surety Co.* v. *Fulton Supply Co.,* are wrong, and are not in harmony with *Pittsburgh Plate Glass Co.* v. *Peters Land Co.,* 123 *Ga.* 723 (51 S. E. 725), *General Supply Co.* v. *Hunn,* 126 *Ga.* 615 (55 S. E. 957), and *American Surety Co.* v. *Small Quarries Co.,* 157 *Ga.* 33 (120 S. E. 617). Counsel requests that the two decisions of this court cited above be overruled on the ground that they are in conflict with the Supreme

Court rulings in the cases above cited from that court, or that this court certify the question involved in the case at bar to the Supreme Court. The decisions of the Supreme Court in *Pittsburgh Plate Glass Co.* v. *Peters Land Co.* and *General Supply Co.* v. *Hunn,* supra, were rendered before the passage of the act of 1916, from which Code, §§ 23-1705 et seq., were taken, and did not involve contracts for public bodies for the doing of public work. Under these decisions the rule was laid down that there must be "some link of a contractual nature which will connect the furnisher of the material, directly or indirectly, with the owner." The defendants therefore urge that before the materialman can recover on the bond of the contractor made under and pursuant to §§ 23-1705 et seq., for materials furnished to a subcontractor, for the purpose of the contract to guarantee which the bond was given, there must exist privity between the materialman and the general contractor.

None of the Georgia cases cited by the defendants dealt with a statutory bond given by a contractor to construct a public building, the giving of which bond is absolutely essential to the validity of such contract, and they are not authority against the rulings of this court in *Whitley* v. *Bryant,* supra, and *Western Casualty & Surety Co.* v. *Fulton Supply Co.,* supra, which rulings are now followed and approved in the decision of this case. The contention made by the defendants is contrary to the great weight of authority. See annotations, 111 A. L. R. 311 and 70 A. L. R. 308. In United States &c. *v.* American Surety Co., 200 U. S. 197 (26 Sup. Ct. 168, 50 L. ed. 437), the Supreme Court ruled "Labor and materials used in the prosecution of a public work, whether furnished under the contract directly to the contractor or to a subcontractor, must be deemed within the obligation of a surety company under a bond executed pursuant to the act of August 13, 1894 (28 Stat. 278, c. 280, U. S. Comp. Stat. 1901, p. 2523), conditioned for the prompt payment by the contractor to 'all persons supplying it labor or materials in the prosecution of the work provided for in said contract,' in view of the manifest purpose of that statute to protect those whose labor or material has contributed to the prosecution of the work." The court stated in its opinion: "The courts of this country have generally given to statutes intending to secure those furnishing labor and supplies for the construction of buildings a liberal interpretation, with a view of effecting

their purpose to require payment to those who have contributed by their labor or material to the erection of buildings to be owned and enjoyed by those who profit by the contribution of such labor or materials. . . There is no language in the statute or in the bond which is therein authorized limiting the right of recovery to those who furnish material or labor directly to the contractor but all persons supplying the contractor with labor or materials in the prosecution of the work provided for in the contract are to be protected. The source of the labor or materials is not indicated or circumscribed. . . We can not conceive that this construction works any hardship to the surety. The contractor gets the benefit of such work or material. . . The obligation is 'to make full payments to all persons supplying it with labor or materials in the prosecution of the work provided for in said contract.' This language, read in the light of the statute, looks to the protection of those who supply the labor or materials provided for in the contract, and not to the particular contract or engagement under which the labor or materials were supplied. If the contractor sees fit to let the work to a subcontractor, who employs labor and buys materials which are used to carry out and fulfill the engagement of the original contract to construct a public building, he is thereby supplied with the materials and labor for the fulfillment of his engagement as effectually as he would have been had he directly hired the labor or bought the materials." See also Brogan v. National Surety Co., 246 U. S. 257 (38 Sup. Ct. 250, 62 L. ed. 703, L. R. A. 1918D, 776), and *Somers Construction Co.* v. *Atlantic Coast Line R. Co.,* 62 *Ga. App.* 23 (7 S. E. 2d, 429).

The decision in *American Surety Co.* v. *Small Quarries Co.,* supra, is not authority to the contrary. In that case, with one justice dissenting, the Supreme Court held that the bond therein dealt with was not a statutory bond, in that the condition provided in the statute under which it was purported to have been made, that the bond was given "for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of" the contract, was not incorporated in the bond therein sued on, and that such words would not be read into the bond as actually made between the parties. The bond sued on in this case provided that the obligor was bound to the owner "for the use of said obligee and all persons doing work or furnish-

292

ing skill, tools, machinery, supplies or materials under or for the purpose of the contract."

It is our opinion that the trial judge did not err in overruling the general demurrer of the defendants.

*Judgment affirmed. Sutton and Felton, JJ., concur.*