38261, 38262. GOODYEAR TIRE & RUBBER COMPANY *v.* NEW AMSTERDAM CASUALTY COMPANY; and *vice versa.*

</div>

CARLISLE, Judge. 1. "While ancillary to the main action, a garnishment proceeding is a distinct suit against a separate party, and for an entirely new cause of action. In the main case the question is whether the defendant is indebted to the plaintiff. In the garnishment suit, the question is whether the garnishee is indebted to the defendant." *Dent* v. *Dent,* 118 *Ga.* 853 (45 S. E. 680). "All debts owing to the defendant, and all property, money, or effects of the defendant coming into the hands of the garnishee at the date of the service of the summons of garnishment or at any time from the date of said service to the date of the garnishee's answer shall be

subject to process of garnishment." Code § 46-201. If there is no debt owing by the garnishee to the principal debtor, there is no basis for a garnishment.

2. Where a contractor entered into a contract with the State Highway Department to do certain work, and pursuant to that contract gave a payment bond by which it and its surety, the garnishee here, acknowledged themselves to be jointly and severally bound unto the State Highway Department of Georgia for the use of all persons doing work or furnishing skill, tools, machinery or materials for the purpose of performing the contract for the State Highway Department, which bond had as a condition attached thereto that in the event the principal "shall promptly make payment to all persons supplying him or them with labor, material, . . . feedstuffs, furnishing the rental of machinery to such contractors, or supplies, for or in the prosecution of the work provided for in said contract," then said obligation shall be null and void, otherwise of full force and effect, the obligation of said bond rendered the surety liable to the persons therein named in the event of the failure of the contractor to make the payments to such persons, but it did not create any liability, contingent or otherwise, as between the principal and the surety. This is true whether or not the contract referred to be denominated one of suretyship or guaranty, and whether or not the obligation of the security thereon be considered primary or secondary to the obligation of the principal. Code § 103-101.

3. The instrument which forms the basis for the proceeding of garnishment in this case is a joint and several obligation of the contractor and the surety. The contractor, being an obligor thereon, acquired no rights thereunder. *Whitley* v. *Bryant*, 59 *Ga. App.* 58, 59 (200 S. E. 317); 38 C. J. S. 1255, Guaranty, § 86. This case is distinguishable from those cases involving liability insurance where the contract is between the insurer and the insured and where the obligation of the insurer is to pay upon the contingency named therein without regard to the ability of the insured to pay. In such cases, a right of action in favor of the insured arises against the insurance company. This principle is illustrated by cases such as *Hartford Steam Boiler &c. Co.* v. *Cochran Oil Mill & Ginnery Co.*, 26 *Ga. App.* 288 (105 S. E. 856); and *National Surety Corp.* v. *Dunaway*, 100 *Ga. App.* 842 (112 S. E. 2d 331).

4. The trial judge, sitting as the trior of the law and facts, did not err in entering a judgment holding that the plaintiff in garnishment had failed to show any indebtedness due by the garnishee to the principal debtor, Charles R. Shepherd, Inc., against whom the plaintiff in garnishment had previously obtained a judgment for an amount due on account of materials furnished it for the performance of its contract with the State Highway Department, and in thereafter denying the motion for a new trial on the general grounds.

*Judgment affirmed on main bill of exceptions. Writ of error on cross-bill of exceptions dismissed. Gardner, P. J., Townsend and Frankum, JJ., concur.*

DECIDED MAY 2, 1960.

*Sidney Haskins*, for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, Robert E. Hicks, A. David Kahn*, contra.