HENRY R. A. PUNDT AND OTHERS, PLAINTIFFS IN ERROR,
v. JOHN P. CLARY, DEFENDANT IN ERROR.

**Garnishment of License Money.** A license to sell intoxicat-
ing liquors, granted by the proper authority, not void upon its
face, cannot be treated as a nullity and the money paid for the
license be garnished as the property of the licensee.

ERROR to the district court for Saline county. Tried
below before WEAVER, J.

*M. B. C. True* (*Lamb, Billingsley & Lambertson* with him),
for plaintiffs in error, cited: *State, ex rel. Noonan, v. City of
Lincoln,* 6 Neb., 12. *State, ex rel. Fairchild, v. Andrews,* 11
Neb., 523. Drake, 6th Ed., 482. *Morse v. Holt,* 22 Me., 180.

*Hastings & McGintie,* for defendant in error, cited:
*Powell v. Sammons,* 31 Ala., 552. *Walke v. McGehee,* 11
Id., 273. Freeman on Execution, 160. *Spaun v. Omaha,*
2 Neb., 166.

MAXWELL, J.

The defendant in the year 1881 was treasurer of the
city of Crete. In May of that year, one William Gasser
published in a newspaper of that city a notice that by the
first day of June of that year he would apply to the city
council for license to sell intoxicating liquors in that city.
The application for license and bond were filed June 1st,
and the application was granted, bond approved, $500—the
amount of the license—paid to the defendant as treasurer of
said city, and the license issued to Gasser on or about the
thirtieth of June, 1881, and on or about July 1st, 1881,
and after the license was issued, the defendant passed the
amount thus received to the credit of the school district of
Crete, of which district he was treasurer. In October of
that year, an execution against Gasser having been returned

unsatisfied, proceedings in garnishment were instituted before a justice of the peace against the defendant to require him to pay the plaintiff's claim out of the $500 license money in his hands as treasurer, upon the ground that the license was illegal.

The justice discharged the defendant and dismissed the proceedings. The case was taken on error to the district court, where the judgment was affirmed.

The only question to be determined is, can a license to sell intoxicating liquor, issued by the proper authority and not void on its face, be attacked collaterally. We think not. A number of objections are made to the license which in a direct proceeding for that purpose might be sufficient to set it aside. But it is not void, and cannot be attacked in this collateral manner. Gasser had accepted the license, and at the time the defendant was garnished was selling liquor under the authority thus conferred. He could not have maintained an action against the defendant to recover the money paid for the license. Has a creditor any greater right of action in a case of this kind than the party himself?

Clearly not; because it is an invariable rule that under no circumstances shall the garnishee, by operation of the proceedings against him, be placed in a worse condition than he would be in if the defendant's claim against him were enforced by the defendant himself. Drake on Attachment, sec. 462. It is very clear that Gasser was not in a situation to maintain an action against the defendant to recover the amount paid for the license, and the plaintiffs have no greater right than he possessed. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.