Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/04/2022 09:05 AM CDT

Florence Lake Investments, LLC, appellant,
v. Jason Berg and Mary Berg, appellees,
David M. Kroeger, intervenor-appellee,
and Merrill Lynch, Pierce, Fenner &
Smith, Incorporated, and Zoetis,
Inc., garnishees-appellees.

___ N.W.2d ___

Filed August 12, 2022.    No. S-21-350.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.
3. **Garnishment: Appeal and Error.** Garnishment is a legal proceeding. To the extent factual issues are involved, the findings of the fact finder will not be set aside on appeal unless clearly wrong; however, to the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below.
4. **Jurisdiction.** Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.
5. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
6. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.
7. **Judgments: Final Orders: Words and Phrases.** A judgment is the final determination of the rights of the parties in an action.

8. **Judgments: Words and Phrases.** Every direction of the court made or entered in writing and not included in a judgment is an order.

9. **Judgments: Final Orders: Statutes: Appeal and Error.** While all judgments not incorrectly designated as such are appealable, an order may be appealed only if a statute expressly makes the order immediately appealable or the order falls within the statutory definition of a final order.

10. **Final Orders: Appeal and Error.** To be a final order subject to appellate review, the lower court's order must (1) affect a substantial right and determine the action and prevent a judgment, (2) affect a substantial right and be made during a special proceeding, (3) affect a substantial right and be made on summary application in an action after a judgment is entered, or (4) deny a motion for summary judgment which was based on the assertion of sovereign immunity or the immunity of a government official.

11. **Final Orders.** Substantial rights under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020) include those legal rights that a party is entitled to enforce or defend.

12. **Judgments: Final Orders: Garnishment: Liability.** An order overruling an application to determine garnishee liability in a postjudgment garnishment proceeding is an order affecting a substantial right made on a summary application in an action after a judgment is entered.

13. **Judgments.** A summary application in an action after judgment is an order ruling on a postjudgment motion in an action.

14. **Judgments: Final Orders: Garnishment: Liability.** A court's order overruling an application to determine garnishee liability affects a garnishor's substantial rights, because it undermines a garnishor's ability to satisfy its judgment against a judgment debtor.

15. **Statutes: Legislature: Intent.** When construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

16. **Statutes: Courts.** A court must reconcile different provisions of the statute so they are consistent, harmonious, and sensible.

17. **Statutes: Intent.** In construing a statute, the court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose.

18. **Judgments: Debtors and Creditors: Garnishment: Property.** Generally, executions and garnishments in aid of executions are mechanisms by which a judgment creditor can seek judicial enforcement of

a monetary judgment—usually by seizing and selling the judgment debtor's property.

19. **Final Orders: Garnishment: Property.** Neb. Rev. Stat. § 25-1315 (Reissue 2016) is inapplicable to a final order regarding a postjudgment garnishment in aid of execution directed to specific property where all rights of all parties claiming an interest in the specific property garnished have been adjudicated.

20. **Garnishment: Liability: Service of Process: Time.** A garnishee's liability is to be determined as of the time the garnishment summons is served.

21. **Judgments: Debtors and Creditors: Garnishment.** The claim of a judgment creditor garnishor against a garnishee can rise no higher than the claim of the garnishor's judgment debtor against the garnishee.

22. **Judgments: Debtors and Creditors: Garnishment: Subrogation.** A garnishor is subrogated to the rights of the judgment debtor and can recover only by the same right and to the same extent that the judgment debtor might recover from the garnishee.

23. **Garnishment: Liability: Service of Process: Time.** In determining the liability of a garnishee to a garnishor, the test is whether, as of the time the summons in garnishment was served, the facts would support a recovery by the garnishor's judgment debtor against the garnishee.

24. **Federal Acts: Pensions.** The Employee Retirement Income Security Act of 1974 provides a uniform and systematic framework for regulation of employee benefit plans to ensure that the employee's accrued benefits are actually available for retirement purposes.

25. **Federal Acts: Pensions: Debtors and Creditors.** The Employee Retirement Income Security Act of 1974 utilizes an anti-alienation statute to bar creditors from collecting undistributed funds in an employee benefit plan.

26. **Federal Acts: Pensions: Garnishment.** The restrictions of the Employee Retirement Income Security Act of 1974 on assignment or alienation of pension benefits apply to garnishment.

27. **Constitutional Law: Statutes.** Federal preemption arises from the Supremacy Clause of the U.S. Constitution and is the concept that state laws that conflict with federal law are invalid.

28. **Federal Acts: Pensions: Garnishment: Statutes.** The anti-alienation statute of the Employee Retirement Income Security Act of 1974 preempts conflicting state garnishment laws.

29. **Federal Acts: Pensions: Garnishment: Liability.** The Employee Retirement Income Security Act of 1974 does not preempt a garnishee, acting as a plan administrator, from being found liable under Neb. Rev. Stat. § 25-1030.02 (Reissue 2016).

30. **Debtors and Creditors: Garnishment.** It is an invariable rule that under no circumstances shall the garnishee, by operation of the proceedings against him or her, be placed in a worse condition than the garnishee would be in if the judgment debtor's claim against the garnishee were enforced by the judgment debtor himself or herself.

31. **Judgments: Appeal and Error.** An appellate court may affirm a lower court's ruling that reaches the correct result, albeit based on different reasoning.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Affirmed.

John F. Zimmer V and Andre R. Barry, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellant.

Kenneth M. Wentz III and Caitlin J. Ellis, of Jackson Lewis, P.C., for garnishee-appellee Zoetis, Inc.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and FREUDENBERG, JJ., and DERR, District Judge.

CASSEL, J.

## I. INTRODUCTION

A garnishor appeals from an order overruling its application to determine garnishee liability against a plan administrator whose interrogatory answers failed to disclose a judgment debtor's 401K account. The central issue is whether the Employee Retirement Income Security Act of 1974 (ERISA)[1]—particularly, ERISA's anti-alienation statute[2]—shields the administrator from state garnishment law liability. Because we conclude that it does under the circumstances here, we affirm.

## II. BACKGROUND

Florence Lake Investments, LLC (Florence), obtained a judgment against Jason Berg (Berg) and his wife, Mary Berg

---

[1] 29 U.S.C. § 1001 et seq. (2018 & Supp. I 2019). See, also, Pub. L. No. 117-58, § 80602, 135 Stat. 1339 (amending §§ 1021(f)(2)(D) and 1083(h)(2)(C)(iv)).

[2] See § 1056(d)(1).

(Mary). The judgment totaled over $4 million with postjudgment interest continuing to accrue.

Florence's collection efforts employed numerous postjudgment proceedings for garnishment or execution. We summarize only those events, parties, and filings pertinent to the instant appeal. Many are pertinent only to the discussion of our jurisdiction. We address the merits only as to a single postjudgment garnishment.

### 1. Florence's Collection Proceedings

In attempting to collect the judgment against property that was not subject to Berg's bankruptcy proceeding, Florence utilized two methods: (1) postjudgment garnishments of Berg's wages and financial accounts and (2) executions against Berg and Mary's personal property. These efforts occurred more or less contemporaneously.

Although the timing of the answers to garnishment interrogatories was pertinent to issues before the district court, no error is assigned regarding the court's resolution of timing issues. Thus, we omit unnecessary dates.

### (a) Garnishments

Florence sought to garnish Berg's wages and financial accounts. Florence's primary target was Berg's 401K account, which totaled over $1 million.

Florence first served Merrill Lynch, Pierce, Fenner & Smith, Incorporated (Merrill Lynch), with garnishment interrogatories, believing that it administered the 401K account. Merrill Lynch answered the garnishment interrogatories against it by disclosing that the 401K account was exclusively managed by Zoetis, Inc. (Zoetis), as plan administrator. The disposition of the garnishment against Merrill Lynch was not appealed.

After receiving Merrill Lynch's answers, Florence served garnishment interrogatories on "[Zoetis] as 401[K] Plan Administrator." The interrogatories required Zoetis to disclose wages owed to a judgment debtor, if any, and "property belonging to the judgment debtor, or credits or monies

owed to the judgment debtor, whether due or not, other than [wages].” Additionally, the summons attached to the interrogatories stated in part, “You [Zoetis] are obligated to hold the property and credits of every description of [Berg] now in your possession or under your control until further order of this court . . . . You are required by law to answer the attached Interrogatories . . . . Penalties may be imposed in the event of willful falsification.”

In Zoetis’ answers to the garnishment interrogatories, it stated that it owed Berg wages as his employer, but that it did not possess any property belonging to him or owe him any other credits or monies. In other words, Zoetis did not disclose its role regarding Berg’s 401K account.

Unsatisfied with Zoetis’ answer regarding the 401K account, Florence filed an application to determine garnishee liability against Zoetis under Neb. Rev. Stat. § 25-1030 (Reissue 2016). Florence alleged that “[Zoetis’] response identifie[d] wages owed to [Berg] but [did] not identify any other property or address the existence of any account funds of [Berg] under [Zoetis’] control as Plan Administrator.” At the corresponding hearing, Zoetis explained it did not believe it needed to disclose Berg’s 401K account, because the account was protected from garnishment under ERISA.

After an extended period of study, the court issued a written order, “overrul[ing]” Florence’s application to determine garnishee liability against Zoetis. The court found that even though Zoetis had failed to strictly comply with the garnishment statutes by not disclosing Berg’s 401K account, it was not liable because the account could not be subject to garnishment. Noting the parties’ agreement that ERISA governed the 401K account, the court cited federal statutes and case law prohibiting the assignment or alienation of accounts governed by ERISA.[3]

---

[3] See, *id.*; *Guidry v. Sheet Metal Workers Pension Fund*, 493 U.S. 365, 110 S. Ct. 680, 107 L. Ed. 2d 782 (1990).

### (b) Executions

While Florence's application to determine garnishee liability was pending before the court, Florence sought, and the court issued, writs of execution against Berg and Mary's personal property. Berg moved the court to exempt "[one-half] interest in 10 head of cattle" from the executions.

Following a hearing on the matter, the court found that Berg's cattle were not exempt from the executions and ordered them to be sold. After the sale, David M. Kroeger sought to intervene in the execution proceedings, demanding one-half of the sale proceeds because he had owned a one-half interest in the cattle.

The court granted Kroeger's "Complaint to Intervene" and ordered the matter be set for a bench trial once discovery was complete. The record does not show any disposition of the writs of execution.

### 2. APPEAL

Florence filed a timely appeal from the court's order regarding Zoetis' garnishee liability. However, at the time of Florence's appeal, its execution against the cattle remained pending before the district court.

Consequently, the Nebraska Court of Appeals initially dismissed the appeal for lack of jurisdiction, citing Neb. Rev. Stat. § 25-1315 (Reissue 2016) in its minute entry. However, Florence filed a motion for rehearing, which the Court of Appeals sustained and ordered the parties to brief "the jurisdictional issue presented." Before the Court of Appeals again addressed the appeal, we moved it to our docket.[4]

### III. ASSIGNMENTS OF ERROR

Florence assigns that the district court erred in (1) denying its application against Zoetis, (2) failing to find that Zoetis was in control of Berg's 401K account at the time of garnishment, and (3) excusing Zoetis from disclosure and liability

---

[4] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2020).

based on an exception that is personal to Berg and was not properly raised.

## IV. STANDARD OF REVIEW

[1,2] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.[5] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.[6]

[3] Garnishment is a legal proceeding. To the extent factual issues are involved, the findings of the fact finder will not be set aside on appeal unless clearly wrong; however, to the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below.[7]

## V. ANALYSIS

### 1. Jurisdiction

[4,5] Florence and Zoetis agree that we have jurisdiction of this appeal. But parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.[8] Thus, the parties' agreement is not dispositive. For that reason, we recall a familiar proposition: Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[9]

To perform that duty, we first recite basic principles of appellate jurisdiction, judgments, and final orders. Then, we classify an order determining garnishee liability in a postjudgment

---

[5] *In re Estate of Beltran*, 310 Neb. 174, 964 N.W.2d 714 (2021).

[6] *Id.*

[7] *Myers v. Christensen*, 278 Neb. 989, 776 N.W.2d 201 (2009).

[8] *Benjamin M. v. Jeri S.*, 307 Neb. 733, 950 N.W.2d 381 (2020).

[9] *Cinatl v. Prososki*, 307 Neb. 477, 949 N.W.2d 505 (2020).

garnishment. Last, we address the only question potentially affecting jurisdiction here: whether the multiple postjudgment garnishments and executions implicate § 25-1315.

### (a) Final Order or Judgment

[6-9] For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.[10] A judgment is the final determination of the rights of the parties in an action.[11] Every direction of the court made or entered in writing and not included in a judgment is an order.[12] By comparing these definitions, one can easily recognize that judgments and orders are mutually exclusive. While all judgments not incorrectly designated as such are appealable, an order may be appealed only if a statute expressly makes the order immediately appealable or the order falls within the statutory definition of a final order.[13]

[10,11] Under our final order statute,[14] to be a final order subject to appellate review, the lower court's order must (1) affect a substantial right and determine the action and prevent a judgment, (2) affect a substantial right and be made during a special proceeding, (3) affect a substantial right and be made on summary application in an action after a judgment is entered, or (4) deny a motion for summary judgment which was based on the assertion of sovereign immunity or the immunity of a government official.[15] Substantial rights under § 25-1902 include those legal rights that a party is entitled to enforce or defend.[16]

---

[10] *Id.*

[11] *Id.* See, also, Neb. Rev. Stat. § 25-1301(1) (Cum. Supp. 2020).

[12] *Cinatl v. Prososki, supra* note 9. See, also, Neb. Rev. Stat. § 25-914 (Reissue 2016).

[13] *Id*.

[14] See Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020).

[15] See *Cinatl v. Prososki, supra* note 9.

[16] *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016).

### (b) Postjudgment Garnishment Orders

[12] An order overruling an application to determine garnishee liability in a postjudgment garnishment proceeding is an order affecting a substantial right made on a summary application in an action after a judgment is entered.[17] Two concepts underlie this proposition.

[13] First, we have stated that an order on """"summary application in an action after judgment"""" is an order ruling on a postjudgment motion in an action.[18] Clearly, an application for determination of garnishee liability regarding a postjudgment garnishment meets that definition.

[14] Second, a court's order overruling an application to determine garnishee liability affects a garnishor's substantial rights, because it undermines a garnishor's ability to satisfy its judgment against a judgment debtor.[19] Accordingly, Florence appeals from a final order.

### (c) § 25-1315

[15-17] The question then becomes whether the final order here regarding Florence's postjudgment garnishment directed to Zoetis implicates § 25-1315(1). When construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[20] A court must reconcile different provisions of the statute so they are consistent, harmonious, and sensible.[21] And in construing

---

[17] See, *Huntington v. Pedersen*, 294 Neb. 294, 883 N.W.2d 48 (2016); *Cattle Nat. Bank & Trust Co. v. Watson, supra* note 16. See, also, *Gem City Bone & Joint v. Meister*, 306 Neb. 710, 947 N.W.2d 302 (2020).

[18] *Smeal Fire Apparatus Co. v. Kreikemeier*, 279 Neb. 661, 683, 782 N.W.2d 848, 867 (2010), *disapproved on other grounds, Hossaini v. Vaelizadeh*, 283 Neb. 369, 808 N.W.2d 867 (2012).

[19] See Neb. Rev. Stat. §§ 25-1026 and 25-1056 (Reissue 2016). See, also, *Cattle Nat. Bank & Trust Co. v. Watson, supra* note 16.

[20] *Ag Valley Co-op v. Servinsky Engr.*, 311 Neb. 665, 974 N.W.2d 324 (2022).

[21] *Id.*

a statute, the court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose.[22]

Section 25-1315(1) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

(Emphasis supplied.)

This court has found that the term "final judgment" as used in § 25-1315(1) is the functional equivalent of a "final order" within the meaning of § 25-1902.[23] Perhaps this makes sense regarding so-called type 1[24] and type 2[25] final orders.

But it makes no sense regarding a type 3 final order, which is "made on summary application in an action after a judgment is entered,"[26] because, by its plain language, § 25-1315(1) applies

---

[22] *Id.*

[23] *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 733 N.W.2d 877 (2007).

[24] See § 25-1902(1)(a) (order which "in effect determines the action and prevents a judgment").

[25] See § 25-1902(1)(b) (order "made during a special proceeding").

[26] See § 25-1902(1)(c).

"before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." In a postjudgment garnishment, such as the one at issue here, a judgment adjudicating all the claims and the rights and liabilities of all the parties has already occurred. Here, that occurred when Florence obtained its monetary judgment against Berg and Mary.

Prior to the enactment of § 25-1315, an order that effected a dismissal with respect to one of multiple parties was a final, appealable order, and the complete dismissal with prejudice of one of multiple causes of action was a final, appealable order, but an order dismissing one of multiple theories of recovery, all of which arose from the same set of operative facts, was not a final order for appellate purposes.[27] Section 25-1315 was an evident attempt by the Legislature to simplify the issue and clarify many of the questions regarding final orders when there are multiple parties and claims.[28] In other words, § 25-1315(1) was intended to prevent interlocutory appeals, not make them easier.[29] It attempts to strike a balance between the undesirability of piecemeal appeals and the potential need for *making review available at a time that best serves the needs of the parties.*[30]

[18] But the rationale for applying § 25-1315 breaks down once a final judgment has been entered between the parties and when thereafter a judgment creditor is engaged only in the execution of its judgment against specific property. Generally, executions and garnishments in aid of executions are mechanisms by which a judgment creditor can seek judicial enforcement of a monetary judgment—usually by seizing and selling the judgment debtor's property.[31] Such proceedings cannot

---

[27] *Cerny v. Todco Barricade Co., supra* note 23.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] See Black's Law Dictionary 714 (11th ed. 2019) (defining "execution"). See, also, Neb. Rev. Stat. § 25-1501.01 (Reissue 2016); § 25-1056.

occur prior to a judgment being entered and can continue until the judgment is satisfied.[32]

A court's final order in an execution or a garnishment in aid of execution may determine the rights and liabilities of parties regarding specific property of the judgment debtor.[33] For instance, a court may find that a garnishee need not hold property of the judgment debtor, because it is not subject to garnishment.[34] Additionally, a court may find that one creditor has superior rights over another creditor in specific property of the judgment debtor.[35] But an order adjudicating the rights of the judgment creditor, the judgment debtor, and any third party claiming an interest in the specific property levied upon by a particular writ of execution or garnished by a particular postjudgment garnishment summons cannot reasonably be expected to be "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties" with respect to entirely separate property.[36]

Here, only Florence, Zoetis, and Berg have any interest in the garnishment summons directed to Zoetis as plan administrator of Berg's 401K account. The writs of execution directed to entirely separate and distinct property have no relationship to this postjudgment garnishment.

Holding otherwise would allow a court to modify such a final order until all other execution or postjudgment garnishment proceedings against entirely separate property were concluded. Perverse incentives would result, because garnishees

---

[32] See, *Cattle Nat. Bank & Trust Co. v. Watson, supra* note 16; §§ 25-1301, 25-1056, and 25-1501.01.

[33] See, e.g., *Myers v. Christensen, supra* note *7*; *Spaghetti Ltd. Partnership v. Wolfe,* 264 Neb. 365, 647 N.W.2d 615 (2002), *disapproved on other grounds, ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

[34] See *Myers v. Christensen, supra* note *7*.

[35] *Id.*

[36] See § 25-1315(1).

and judgment creditors would fear potential liability for years after dispositive orders on garnished property. Garnishees would be reluctant to disburse exempted property to judgment debtors. Similarly, judgment creditors would be reluctant to sell garnished property to satisfy their judgments. This would be counterintuitive and preclude appellate review "at a time that best serves the needs of the parties."[37]

[19] Therefore, we hold that § 25-1315 is inapplicable to a final order regarding a postjudgment garnishment in aid of execution directed to specific property where all rights of all parties claiming an interest in the specific property garnished have been adjudicated. Because that is the situation here, we have jurisdiction of this appeal.

## 2. Merits

Having found that we have jurisdiction, we turn to the merits. Florence constructs an overarching argument based upon its three assignments of error: The court erred in finding that Zoetis was not liable for the value of the funds in the 401K account.

Florence argues that Zoetis should have been liable for the value of the funds in the 401K account regardless of ERISA's effect on the account, because, it emphasizes, the garnishment statute governing garnishee liability does not require distribution from an account governed by ERISA.[38] Instead, it argues, it should receive a judgment directly against Zoetis— which would be required to pay the judgment with its own funds. Florence argues that, in effect, Zoetis was improperly allowed to use an exemption personal to Berg to absolve itself from liability.

Zoetis does not substantially challenge that it failed to comply with our garnishment statutes by not disclosing Berg's

---

[37] See *Cerny v. Todco Barricade Co., supra* note 23, 273 Neb. at 809, 733 N.W.2d at 886.

[38] See Neb. Rev. Stat. § 25-1030.02 (Reissue 2016).

401K account. Zoetis' attorney conceded at oral arguments that "it is not up to the [garnishee]" to determine what property of the judgment debtor it must disclose. Instead, Zoetis repeats its assertion that ERISA shields it from garnishee liability because the federal act prevents assignment or alienation of funds in a 401K account and preempts state garnishment statutes.

To resolve the merits of this appeal, we must answer whether ERISA shields a plan administrator of an employee benefit plan from garnishee liability for failing to comply with our garnishment statutes. This is an issue of first impression. We review our garnishment law and ERISA's effect on state garnishment proceedings before addressing this issue.

## (a) Garnishment

Garnishment is a legal aid in the execution of a judgment; it is a method by which a judgment creditor can recover against a third party for the debt owed by a judgment debtor.[39] A proceeding in garnishment is in effect an action by a judgment debtor in the garnishor's name against the garnishee.[40] Here, we address only a postjudgment garnishment; we express no opinion regarding prejudgment garnishment proceedings.

Under Nebraska's garnishment statutes, a judgment creditor may, as garnishor, request that the court issue a summons of garnishment against any person or business which "has property of and is indebted to the judgment debtor."[41] After receiving service of the summons, the person or business possessing or controlling the property of the judgment debtor becomes a garnishee and must answer interrogatories and

[39] See, § 25-1056; *Myers v. Christensen, supra* note 7. See, also, Neb. Rev. Stat. §§ 25-1011 and 25-1026 to 25-1031.01 (Reissue 2016).

[40] See *Darr v. Long*, 210 Neb. 57, 313 N.W.2d 215 (1981), *overruled on other grounds, Strong v. Omaha Constr. Indus. Pension Plan*, 270 Neb. 1, 701 N.W.2d 320 (2005).

[41] See § 25-1056(1). See, also, *Spaghetti Ltd. Partnership v. Wolfe, supra* note 33.

disclose "the property of every description and credits of the defendant in his possession or under his control" at the time of the garnishment.[42]

A garnishee can be discharged if he or she chooses to "'pay the money owing to the defendant by [the garnishee]'" into court.[43]

But if the garnishee does not pay the funds into court and the garnishor is not satisfied with the garnishee's answers to the interrogatories, the garnishor may file an application to determine the liability of the garnishee, and "'may allege facts showing the existence of indebtedness of the garnishee to the defendant or of the property and credits of the defendant in the hands of the garnishee.'"[44] After conducting an evidentiary hearing, the court *may* then find the garnishee liable if the garnishee was either "'indebted to the defendant'" or "'had any property or credits of the defendant, in his possession or under his control at the time of being served with the notice of garnishment.'"[45]

[20-23] A garnishee's liability is to be determined as of the time the garnishment summons is served.[46] The claim of a judgment creditor garnishor against a garnishee can rise no higher than the claim of the garnishor's judgment debtor against the garnishee.[47] A garnishor is subrogated to the rights of the judgment debtor and can recover only by the same right and to the same extent that the judgment debtor might recover from the garnishee.[48] Accordingly, in determining the

---

[42] See § 25-1026. See, also, *Spaghetti Ltd. Partnership v. Wolfe, supra* note 33.

[43] *Myers v. Christensen, supra* note 7, 278 Neb. at 992, 776 N.W.2d at 205 (quoting § 25-1027).

[44] *Id.* at 992-93, 776 N.W.2d at 205 (quoting § 25-1030).

[45] *Id.* at 993, 776 N.W.2d at 205 (quoting § 25-1030.02).

[46] *Id.*

[47] *Id.*

[48] See *Darr v. Long, supra* note 40.

liability of a garnishee to a garnishor, the test is whether, as of the time the summons in garnishment was served, the facts would support a recovery by the garnishor's judgment debtor against the garnishee.[49]

### (b) ERISA

[24] ERISA subjects all employee benefit plans—including 401K accounts—to federal regulation.[50] ERISA provides a uniform and systematic framework for regulation of employee benefit plans to "ensure that the employee's accrued benefits are actually available for retirement purposes."[51]

### (i) Anti-Alienation Statute

[25] ERISA utilizes an anti-alienation statute to bar creditors from collecting undistributed funds in an employee benefit plan.[52] The anti-alienation statute establishes that undistributed funds in an employee benefit plan cannot be "assigned or alienated."[53] Treasury regulations further define "assignment" and "alienation" for purposes of ERISA as "[a]ny direct or indirect arrangement (whether revocable or irrevocable) *whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan* in, or to, all or any part of a plan benefit payment which is, or may become,

---

[49] *Myers v. Christensen, supra* note 7.

[50] See § 1002. See, also, e.g., *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 128 S. Ct. 1020, 169 L. Ed. 2d 847 (2008).

[51] See, *Brosamer v. Mark*, 561 N.E.2d 767, 770 (Ind. 1990) (internal quotation marks omitted) (emphasis omitted). See, also, *Massachusetts v. Morash*, 490 U.S. 107, 109 S. Ct. 1668, 104 L. Ed. 2d 98 (1989); *General Motors Corp. v. Buha*, 623 F.2d 455 (6th Cir. 1980).

[52] See, § 1056(d)(1); *Guidry v. Sheet Metal Workers Pension Fund, supra* note 3.

[53] See § 1056(d)(1). But see § 1056(d)(2) and (3) (allowing alienation or assignment of undistributed funds in employee benefit plan in limited situations such as domestic relations order).

payable to the participant or beneficiary."[54] Following the distribution of benefits to the participant or beneficiary, ERISA's anti-alienation statute no longer applies.[55]

[26] While ERISA's anti-alienation statute does not refer to "garnishment" per se,[56] the U.S. Supreme Court has stated that the restrictions of ERISA on assignment or alienation of pension benefits apply to garnishment.[57] This, the Court said, was consistent with applicable administrative regulations,[58] with the relevant legislative history,[59] and with the views of other federal courts.[60]

### (ii) Preemption

[27,28] To ensure this uniform and systematic framework is not frustrated by state laws, ERISA features a statute that preempts "all State laws insofar as they may now or hereafter relate to any employee benefit plan."[61] Federal preemption arises from the Supremacy Clause of the U.S. Constitution[62] and is the concept that state laws that conflict with federal

---

[54] See 26 C.F.R. § 1.401(a)-13(c)(1)(ii) (2021) (emphasis supplied). See, also, *Guidry v. Sheet Metal Workers Nat. Pension Fund*, 39 F.3d 1078 (10th Cir. 1994).

[55] See *Guidry v. Sheet Metal Workers Nat. Pension Fund, supra* note 54.

[56] See *Ditto v. McCurdy*, 103 Haw. 153, 80 P.3d 974 (2003).

[57] See *Guidry v. Sheet Metal Workers Pension Fund, supra* note 3.

[58] See § 1.401(a)-13(c)(1)(ii). See, also, *General Motors Corp. v. Buha, supra* note 51.

[59] See, § 1056(d)(2); H.R. Conf. Rep. No. 93-1280, 93d Cong., 2d Sess. 280, *reprinted in* 1974 U.S. Code Cong. & Admin. News 5038.

[60] See, *United Metal Products v. National Bank of Detroit*, 811 F.2d 297 (6th Cir. 1987); *Ellis Nat. Bank of Jacksonville v. Irving Trust Co.*, 786 F.2d 466 (2d Cir. 1986); *Tenneco Inc. v. First Virginia Bank of Tidewater*, 698 F.2d 688 (4th Cir. 1983).

[61] See § 1144(a).

[62] U.S. Const. art. VI.

law are invalid.[63] Therefore, ERISA's anti-alienation statute preempts conflicting state garnishment laws.[64]

However, the U.S. Supreme Court has found ERISA's anti-alienation statute has a limited preemptive scope.[65] It does not preempt a state law that merely increases costs or alters incentives for ERISA plans without forcing plans to adopt any particular scheme of substantive coverage.[66]

While the high court has not directly addressed the issue before us here, it has indicated in dicta that a state garnishment statute that does not specifically result in funds being garnished from an employee benefit plan would not be preempted.[67] In discussing the rare instances where the garnishment of an account governed by ERISA is allowed, the Court explained that state garnishment statutes are an "indirect source of administrative costs" for plan administrators.[68] Further, the Court stated:

> [T]o read the [ERISA] pre-emption provision as displacing all state laws affecting costs and charges on the theory that they indirectly relate to ERISA plans . . . would effectively read the limiting language . . . out of the statute, a conclusion that would violate basic principles of statutory interpretation and could not be squared with our

---

[63] *Hauptman, O'Brien v. Auto-Owners Ins. Co.*, 310 Neb. 147, 964 N.W.2d 264 (2021).

[64] See *Guidry v. Sheet Metal Workers Pension Fund, supra* note 3.

[65] See *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995).

[66] See *Rutledge v. Pharmaceutical Care Management Assn.*, ___ U.S. ___, 141 S. Ct. 474, 480, 208 L. Ed. 2d 327 (2020).

[67] See *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* supra note 65.

[68] *Id.*, 514 U.S. at 662. See *Mackey v. Lanier Collection Agency & Serv.*, 486 U.S. 825, 108 S. Ct. 2182, 100 L. Ed. 2d 836 (1988). But see *Guidry v. Sheet Metal Workers Pension Fund, supra* note 3.

prior pronouncement that [p]re-emption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability.[69]

[29] Picking up where the high court left off, we find that ERISA does not preempt a garnishee, acting as a plan administrator, from being found liable under § 25-1030.02. Compliance with our garnishment statutes does not regulate an employee benefit plan or conflict with any ERISA statute. The disclosure requirement of § 25-1026, as applied to a 401K account, results only in a minor increase in administrative costs and does not force a plan to adopt any particular scheme. Thus, the preemption doctrine, based on ERISA, does not preclude a plan administrator from being subject to liability under § 25-1030.02. The plan administrator would be liable, not the plan itself.

### (c) Zoetis' Liability

While ERISA does not preempt § 25-1030.02, ERISA's anti-alienation statute still shields Zoetis from liability. Under the circumstances here, the statute nullified the court's ability to find a 401K plan administrator liable as a garnishee.

As stated earlier, ERISA's anti-alienation statute—as further defined by the treasury regulation—bars a garnishor from "acquir[ing] from a participant or beneficiary a right or interest enforceable against the plan in, or to, all or any part of a plan benefit payment which is, or may become, payable to the participant or beneficiary."[70]

[30] As we have already explained, a proceeding in garnishment is in effect an action by a judgment debtor in the garnishor's name against the garnishee.[71] A garnishor is

---

[69] See *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., supra* note 65, 514 U.S. at 661 (internal quotation marks omitted).

[70] See § 1.401(a)-13(c)(1)(ii).

[71] See *id.*

subrogated to the rights of the judgment debtor and can recover only by the same right and to the same extent that the judgment debtor might recover from the garnishee.[72] The claim of a judgment creditor garnishor against a garnishee can rise no higher than the claim of the garnishor's judgment debtor against the garnishee.[73] It is an invariable rule that under no circumstances shall the garnishee, by operation of the proceedings against him or her, be placed in a worse condition than the garnishee would be in if the judgment debtor's claim against the garnishee were enforced by the judgment debtor himself or herself.[74] Therefore, in determining the liability of a garnishee to a garnishor, the test is whether, as of the time the summons in garnishment was served, the facts would support a recovery by the garnishor's judgment debtor against the garnishee.[75]

Berg's only claim against Zoetis would be to withdraw funds in his 401K account. Zoetis' liability would be determined solely upon Florence's acquired rights from Berg against the undistributed 401K funds, but Florence cannot acquire such rights under ERISA's anti-alienation statute.

Stated another way, if Zoetis was found liable, it would become a creditor of Berg's 401K account. However, ERISA would bar Zoetis from garnishing the account. As a result, Zoetis would be in a worse position than if Berg had sought to withdraw his funds from his account, because Zoetis would be stuck with an unenforceable judgment against Berg. Therefore, while Zoetis failed to comply with our garnishment statutes, Zoetis cannot, under these circumstances, be found liable for the value of Berg's 401K account.

[30] We are uncertain whether the district court's reasoning aligns with our own. The court found that Zoetis could not be

---

[72] See *Darr v. Long, supra* note 40.

[73] See *id.*

[74] See *Pundt v. Clary*, 13 Neb. 406, 14 N.W. 167 (1882).

[75] *Myers v. Christensen, supra* note 7.

liable because the "funds are not subject to garnishment," but it cited our cornerstone opinion discussing the test to determine garnishee liability.[76] However, any difference in reasoning is inconsequential. An appellate court may affirm a lower court's ruling that reaches the correct result, albeit based on different reasoning.[77]

We emphasize that ERISA plan administrators must comply with § 25-1026. Nothing in this opinion should be read to suggest that a district court cannot exercise its discretion to address a willful refusal to comply with a garnishment summons and interrogatories, pursuant to the power of a court of record to punish for contempt.[78]

## VI. CONCLUSION

ERISA's anti-alienation statute prevents Florence from acquiring Berg's rights to the funds in his 401K account, and therefore, under the circumstances here, Zoetis could not be found liable for failing to comply with our garnishment statutes. We affirm the district court's order.

AFFIRMED.

PAPIK, J., not participating.

---

[76] See, generally, *id.*

[77] *State ex rel. Peterson v. Shively*, 310 Neb. 1, 963 N.W.2d 508 (2021).

[78] See Neb. Rev. Stat. § 25-2121 (Reissue 2016).

STACY, J., concurring.

I agree with the outcome reached by the majority, but write separately to comment more generally on appellate jurisdiction to review garnishee liability determinations. The majority succinctly concludes that "[a]n order overruling an application to determine garnishee liability in a postjudgment garnishment proceeding is an order affecting a substantial right made on a summary application in an action after a judgment is entered." But my review of our garnishment precedent suggests the jurisdictional issue is not so straightforward.

Over the years, we have developed competing lines of authority regarding the nature of garnishee liability determinations. One line generally treats postjudgment garnishments as actions in their own right,[1] and describes a decision adjudicating garnishee liability as a "judgment,"[2] presumably because that vernacular appears in the garnishment statutes.[3] A second line of authority describes garnishments as special proceedings and thus conditions appellate jurisdiction on satisfying the provisions of Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020) that govern final orders in special proceedings.[4] A third line of authority describes garnishments in aid of execution as summary applications in an action after judgment is rendered and thus conditions appellate jurisdiction on satisfying the provisions of § 25-1902 that govern final orders in summary

---

[1] See, *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002), *disapproved on other grounds, ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014); *Barnett v. Peters*, 254 Neb. 74, 574 N.W.2d 487 (1998); *Torrison v. Overman*, 250 Neb. 164, 549 N.W.2d 124 (1996), *disapproved on other grounds, ML Manager, supra* note 1.

[2] *Spaghetti Ltd. Partnership, supra* note 1, 264 Neb. at 368, 647 N.W.2d at 619. See, also, *Torrison, supra* note 1.

[3] See, e.g., Neb. Rev. Stat. § 25-1028 (Reissue 2016) ("judgment may be entered for such amount as the court may find due from the garnishee"); Neb. Rev. Stat. § 25-1030.02 (Reissue 2016) ("trial of the determination of the liability of the garnishee shall be conducted the same as in a civil action," and if garnishee is found liable, "[t]he plaintiff in such event may have a judgment against the garnishee"); Neb. Rev. Stat. § 25-1031 (Reissue 2016) ("[f]inal judgment shall not be rendered against the garnishee until the action against the defendant in the original action has been determined"); Neb. Rev. Stat. § 25-1031.01 (Reissue 2016) ("[t]he judgment in the garnishment action shall be conclusive between the garnishee, plaintiff, defendant, and any intervenor").

[4] See *Western Smelting & Refining Co. v. First Nat. Bank*, 150 Neb. 477, 35 N.W.2d 116 (1948). See, also, *Turpin v. Coates*, 12 Neb. 321, 323, 11 N.W. 300, 301 (1882) ("[w]e have no doubt that an order discharging garnishees, is an order affecting a substantial right, made in a special proceeding").

applications.[5] And occasionally, we have combined classifications when describing the nature of garnishments in aid of execution.[6]

We acknowledged this "tangle of garnishment precedents" in *Shawn E. on behalf of Grace E.*[7] Therein, we stated:

> While it is well established that garnishment in aid of execution is a legal statutory remedy, we have not always been consistent in describing its nature. At various times we have described garnishment as a legal action or as a special proceeding, and we have even alluded to a challenge to a garnishment as a summary application in an action after judgment is rendered.[8]

We did not find it necessary in *Shawn E. on behalf of Grace E.* to resolve the tangle of garnishment precedent, because we concluded the garnishment determination at issue there was not final and appealable under any line of authority. The majority opinion here does not untangle the garnishment precedent either, and instead, it relies on one of our established lines of authority without distinguishing or disapproving the others.

But disposition of this appeal did not require the court to reconcile our competing lines of authority, because no matter which line is followed, the jurisdictional conclusion is the same: The district court's determination of Zoetis' garnishment liability is final and appealable. As such, whether the district court's determination of Zoetis' garnishee liability is characterized as a judgment in a garnishment action, as an order affecting a substantial right made during a special proceeding,

---

[5] See *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016).

[6] See *Bourlier v. Keithley*, 141 Neb. 862, 865, 5 N.W.2d 121, 123 (1942) ("[a] proceeding in aid of execution is a special proceeding made upon a summary application in an action after judgment").

[7] *Shawn E. on behalf of Grace E. v. Diane S.*, 300 Neb. 289, 293, 912 N.W.2d 920, 924 (2018).

[8] *Id*. at 293, 912 N.W.2d at 923-24.

or as an order affecting a substantial right made on summary application in an action after judgment is entered, I agree with the majority that we have appellate jurisdiction.[9]

Derr, District Judge, joins.

---

[9] See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2020) (authorizing appeals of district court judgments, decrees, and final orders).