Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/04/2025 09:10 AM CDT

Leaf Supreme Products, LLC, appellee, v.
James Bachman et al., appellants.

___ N.W.3d ___

Filed April 4, 2025.    No. S-24-191.

1. **Contempt: Appeal and Error.** In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determinations of whether a party is in contempt and of the sanction to be imposed are reviewed for abuse of discretion.

2. **Judgments: Final Orders: Words and Phrases.** A judgment is the final determination of the rights of the parties in an action.

3. **Debtors and Creditors: Judgments.** An order requiring a party to appear for a debtor's examination is void if it is issued before the entry of judgment, and a later judgment does not retroactively validate the void order.

4. **Judgments: Contempt.** Refusal to obey a void order or judgment is not contempt.

5. **Contempt: Notice.** A court cannot hold a person or party in contempt unless the order or consent decree gave clear warning that the conduct in question was required or proscribed.

Appeal from the District Court for Douglas County, J Russell Derr, Judge. Vacated and remanded for further proceedings.

James E. Bachman for appellants.

Raymond R. Aranza and Alexandria M. Emig, of Walentine O'Toole, L.L.P., for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Papik, J.

A Nebraska statute authorizes trial courts, after the entry of judgment, to order a judgment debtor to appear and answer questions posed by the judgment creditor regarding the judgment debtor's property. This is often referred to as a "debtor's examination." In this appeal, the district court ordered James Bachman and Adella Bachman to sit for a debtor's examination but did so *before* it had entered a final judgment against them. The Bachmans did not comply with the district court's order or subsequent orders directing action on their part, and eventually, the district court held them in contempt. The Bachmans now appeal the district court's order holding them in contempt. They argue that the order requiring them to sit for a debtor's examination was void because it was entered prior to final judgment and that any subsequent district court orders were void as well. We agree with the Bachmans and therefore vacate the finding of contempt and remand the cause for further proceedings consistent with this opinion.

## BACKGROUND

*Bachmans Ordered to Appear*
*for Debtor's Examination.*

The record in this appeal tells us little about the underlying dispute that led to this lawsuit. We do know that Leaf Supreme Products, LLC (Leaf Supreme), sued the Bachmans and that the Bachmans asserted counterclaims against Leaf Supreme. We also know that a claim for conversion Leaf Supreme asserted against the Bachmans was tried to a jury and that the jury found in Leaf Supreme's favor and awarded damages of approximately $200,000.

The Bachmans apparently believed that after the jury's verdict was entered on the conversion claim, the district court had resolved all claims between the parties. The Bachmans attempted to appeal at that time. The Nebraska Court of

Appeals, however, concluded that some claims asserted by the parties remained unresolved and dismissed the appeal for that reason.

After the Court of Appeals dismissed the Bachmans' appeal, Leaf Supreme, eager to collect the damages it had been awarded for conversion, filed motions in the district court, pursuant to Neb. Rev. Stat. § 25-1565 (Reissue 2016), requesting that the court order the Bachmans to sit for a debtor's examination. The district court granted Leaf Supreme's request and ordered the Bachmans to appear for a debtor's examination and to produce a set of specifically identified financial records, along with "any and all other records that may be required to identify assets to be used to pay the judgment in this matter." The district court entered this order on February 3, 2023.

*District Court Resolves All Claims.*

Three days after entering its order requiring the Bachmans to appear for a debtor's examination, the district court issued— on February 6, 2023—what it styled as a "Final Order." In that document, the district court noted that the Court of Appeals had dismissed the Bachmans' appeal because the Court of Appeals determined that all claims of all parties had not been resolved. The district court stated that after the jury trial, it believed that all claims of all parties in the action had been resolved but that after reviewing the filings in the case, it understood why the Court of Appeals had dismissed the appeal.

The district court went on to expressly state that all claims of all parties had been either waived or resolved.

*Bachmans Held in Contempt.*

The Bachmans refused to comply with the district court's order requiring that they appear for a debtor's examination. On May 4, 2023, the district court issued an order holding the Bachmans in contempt for failing to comply. The order listed actions the Bachmans were required to take to have "this Order of Contempt removed." The actions included the

Bachmans' producing financial information identified by the district court by May 20 and appearing to answer questions regarding their financial interests and sources of income by June 15.

On September 7, 2023, the district court issued an order stating that the Bachmans had failed to comply with its May 4 order. As a sanction, the district court required the Bachmans to pay $10,000 to Leaf Supreme to cover attorney fees expended by Leaf Supreme in pursuing the debtor's examination. The district court also ordered the Bachmans to produce the same financial information it identified in its May 4 order and to appear to answer questions regarding their financial interests and sources of income. The district court's order required that the Bachmans produce the financial information by various dates in June 2023, which had already passed by the time of the September 7 order. The September 7 order did not set a date by which the Bachmans were to appear to answer questions regarding their financial interests and sources of income.

Then, on March 1, 2024, the district court entered an order again noting that the Bachmans had failed to comply with its orders. The district court concluded that the Bachmans' refusal was willful and that they should be held in contempt. The district court ordered them to report to the county jail to be incarcerated for a sentence of at least 30 days, but it also provided that the Bachmans could purge the contempt by producing the information the district court had ordered them to produce and by paying Leaf Supreme $13,000 for legal fees it had incurred in attempting to enforce the district court's orders. The district court also ordered the Bachmans to pay an additional $3,000 to Leaf Supreme "for counsel's efforts to enforce the [o]rders of this [c]ourt."

Within 30 days of the district court's March 1, 2024, contempt order, the Bachmans perfected an appeal. The Court of Appeals entered an order staying the district court's March 1 order, pending appeal. We thereafter moved the case to

our docket pursuant to Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024).

## ASSIGNMENT OF ERROR

The Bachmans assign that the district court erred by holding them in contempt.

## STANDARD OF REVIEW

[1] In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determinations of whether a party is in contempt and of the sanction to be imposed are reviewed for abuse of discretion. *Vyhlidal v. Vyhlidal*, 311 Neb. 495, 973 N.W.2d 171 (2022).

## ANALYSIS

The Bachmans argue that the district court erred by holding them in contempt for refusing to comply with a void order. They contend that the district court's February 3, 2023, order was void because it was entered prior to the entry of a final judgment. They also assert the district court's subsequent orders were void because they were based on a void order.

*District Court's February 3, 2023,*
*Order Was Void.*

We begin our analysis with the question of whether the district court's February 3, 2023, order requiring the Bachmans to appear for a debtor's examination was void. As alluded to in the introduction of this opinion, a Nebraska statute authorizes trial courts to order a debtor's examination. That statute provides:

> *At any time after the entry of judgment* against the judgment debtor, or one of several debtors in the same action, the judgment creditor is entitled to an order from the county court or the district court of the county (1) in

which the debtor resides, (2) if the debtor does not reside in the state, where [the] judgment was rendered, or (3) in which a transcript of judgment has been filed, requiring the debtor to appear and answer concerning his or her property before the judge of such court or a referee appointed by the judge of such court at a time and place specified in the order within the county to which the order was issued.

§ 25-1565 (emphasis supplied).

[2] As the italicized language above makes clear, the statute authorizes a court to order a debtor's examination *after* the entry of judgment. In this case, however, the district court ordered the Bachmans to appear for a debtor's examination *before* it had entered a judgment. A judgment is the final determination of the rights of the parties in an action. *Florence Lake Investments v. Berg*, 312 Neb. 183, 978 N.W.2d 308 (2022). See, also, Neb. Rev. Stat. § 25-1301(1) (Cum. Supp. 2024). It was not until the district court finally ruled on all claims of all parties on February 6, 2023, that it finally determined the rights of all parties to the action and thereby entered a judgment.

The Bachmans argue that the district court's order requiring that they appear for a debtor's examination was not only contrary to § 25-1565 but was also void. We agree. We have previously recognized that a garnishment in aid of execution issued before judgment is void. See *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016). We have likewise recognized that a writ of execution issued before judgment is void. See *id.* And we have concluded that a subsequent judgment "does not have a retroactive effect to validate" a void writ of execution or garnishment. *Id.* at 972, 880 N.W.2d at 928.

[3] Leaf Supreme has offered us no reason—nor can we conceive of any reason—to conclude that an order requiring a debtor's examination should be treated differently than a garnishment in aid of execution or writ of execution. Both a

garnishment in aid of execution and a writ of execution "necessarily follow a judgment," *id.* at 967, 880 N.W.2d at 926, and the same is true of a debtor's examination: It is a tool for collection on a judgment, an endeavor which only becomes possible once a judgment actually exists. See *id.* at 963, 880 N.W.2d at 923 (holding that garnishment proceeding "must be supported by a judgment *in esse*, that is, a judgment in actual existence or, literally, in being" (internal quotation marks omitted)). We therefore hold that an order requiring a party to appear for a debtor's examination is void if it is issued before the entry of judgment, and that a later judgment does not retroactively validate the void order.

*Bachmans Cannot Be Held in Contempt.*

[4] Having found that the February 3, 2023, order requiring the Bachmans to appear for a debtor's examination was void, we turn to whether the Bachmans could legally be held in contempt for their failure to comply with the district court's orders. On this issue, Leaf Supreme can make no real argument that the Bachmans could be held in contempt for refusing to comply with the February 3 order. We have long recognized that the refusal to obey a void order or judgment is not contempt. *Davis v. Moats*, 308 Neb. 757, 956 N.W.2d 682 (2021). Because we have determined that the February 3 order was void, the Bachmans cannot be held in contempt for refusing to comply with it.

But while Leaf Supreme all but concedes that the Bachmans could not be held in contempt for refusing to obey the district court's February 3, 2023, order, it argues that the district court could and did hold the Bachmans in contempt for refusing to obey the district court's subsequent orders. For reasons we will explain, we disagree.

The Bachmans could not legally be held in contempt for refusing to comply with the district court's May 4, 2023, order. That order found the Bachmans were in contempt of the district court's February 3 order and listed actions they must

take to purge the contempt. But an order finding a party in contempt of a void order is also void. See *Davis, supra*. The district court could not validly order the Bachmans to take actions to purge contempt when its finding of contempt was based on the Bachmans' refusal to comply with a void order.

Leaf Supreme fares no better with its argument that the Bachmans could be held in contempt for violating the district court's September 7, 2023, order. According to Leaf Supreme, the portion of the September 7 order requiring the Bachmans to produce financial information identified by the district court and to appear to answer questions regarding their financial interests and sources of income was a "new and distinct order in aid of execution." Brief for appellee at 18. Leaf Supreme asks us to find that the Bachmans could be and were held in contempt for failing to comply with those directions of the district court. Leaf Supreme's argument, however, faces a number of obstacles.

As an initial matter, the directives in the district court's September 7, 2023, order were confusing in some respects. As noted above, the district court's September 7 order instructed the Bachmans to produce financial information by various dates in June 2023, which had already passed. The same order required the Bachmans to answer questions related to their financial interests and sources of income but set no date by which they were to do so.

But even if the foregoing issues were set aside, it is far from clear to us that the district court's directions in the September 7, 2023, order were, as Leaf Supreme contends, a "new and distinct order in aid of execution," as opposed to an attempt by the district court to enforce earlier void orders. The actions the district court ordered the Bachmans to take in the September 7 order were substantially identical to the actions the district court ordered the Bachmans to take to purge its earlier finding of contempt in the May 4 order. On top of that, we see no language in the September 7 order plainly stating that the September 7 order is, as Leaf Supreme claims, a

stand-alone order in aid of execution, unrelated to the district court's earlier void order requiring a debtor's examination.

[5] The fact that the September 7, 2023, order does not make clear that it was a separate order in aid of execution matters. A court cannot hold a person or party in contempt unless the order or consent decree gave clear warning that the conduct in question was required or proscribed. *Smeal Fire Apparatus Co. v. Kreikemeier*, 279 Neb. 661, 782 N.W.2d 848 (2010), *disapproved on other grounds, Hossaini v. Vaelizadeh*, 283 Neb. 369, 808 N.W.2d 867 (2012). Because the September 7 order did not clearly indicate it was a new, separate order in aid of execution, we conclude that it did not give clear warning that it was a valid order with which the Bachmans must comply. Consequently, the district court could not hold the Bachmans in contempt for not obeying it.

Having found no order for which the Bachmans could be held in contempt for violating, we vacate the district court's contempt order. As the Bachmans acknowledged at oral argument, however, this outcome does not preclude the district court, on remand, from issuing a new, stand-alone order requiring the Bachmans to appear for a debtor's examination.

## CONCLUSION

The district court's order requiring the Bachmans to appear for a debtor's examination was void. And the district court could not legally hold the Bachmans in contempt for refusing to comply with a void order. Accordingly, we vacate the district court's order finding the Bachmans in contempt, and we remand the cause for further proceedings consistent with this opinion.

Vacated and remanded for
further proceedings.